### VICTOR TALKING MACH. CO. v. STRAUS et al.

(Circuit Court of Appeals, Second Circuit. July 17, 1915.)

#### No. 287.

PATENTS ⬸213—INFRINGEMENT—LICENSES.

Where an owner of patents on talking machines and records licensed dealers or distributors to dispose of machines in accordance with specified conditions as to use and price, a member of the public, and not a distributor or dealer, who paid the price for a license to use a machine on the specified conditions could give the license to any other member of the public for any consideration or as a gift, provided he had not violated any of the conditions, but turned over the machine, with the license label affixed thereto unaltered, so that his assignee might be advised of the conditions under which the use of the machine was licensed.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 315–320; Dec. Dig. ⬸213.

Sublicenses and assignments of licenses for use or sale of patents, see note to National Phonograph Co. v. Schlegel, 64 C. C. A. 596.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on an appeal from a decree entered by the District Court of the United States for the Southern District of New York dismissing the plaintiff's bill. 222 Fed. 524.

The Victor Talking Machine Company is a corporation organized and existing under the laws of the state of New York.

The defendants are each and all of them citizens of the state of New York, and constitute a copartnership under the trade-name of R. H. Macy & Co., and carry on business in the city of New York. The Victor Talking Machine Company claims to be the sole owner of letters patent of the United States No. 917,227 issued to it January 25, 1910, as assignee of John C. English, and of certain other patents relating to talking machines and records and which are not here specified.

The defendants were impleaded in the court below in an action in equity charging them with infringement of a number of patents (some of which have been adjudicated) owned by the plaintiff corporation for its well-known sound-reproducing machines and sound records adapted to be used therewith. The infringement charged was not the usual one of a making and selling, for the machines and records which came into the possession of defendants, and which they sold and offered for sale, are genuine machines and sound records, of plaintiff's manufacture, but for an inhibited sale and violative use of such

machines and records, in excess of the license grant; each specific machine and sound record being licensed for use only, by a specific and nonassignable license attached thereto, and also limited under certain conditions and restrictions as to such use, and by the same license grant the licensee obtained a conditional title only to the physical thing embodying the patented invention and to which the patent license appertained.

The defendants, without pleading to the merits by answer, filed their motion, under new equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), to dismiss the bill, assigning as one of the grounds, in the nature of a demurrer, that the bill did not set forth any cause of action in equity; the defendant contending argumentatively in support of this ground of demurrer, that the license contract was in fact and in law an unlimited and unconditional sale, under which the patented machines and sound records had, in fact and in law, passed out of the monopoly, and hence that defendants had a valid and unlimited title thereto to do as they pleased with them.

Frederick A. Blount and Hector T. Fenton, both of New York City, for appellant.

Wise & Seligsberg, of New York City (Edmond E. Wise, of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. Many questions are presented which need not be now discussed, because there is lacking in the complaint an allegation which seems to us essential to complainant's prayer for relief.

Whether the various documents evidence a lease of each machine for a stated period, with privilege to the lessee at the end of such period to take full title provided he has complied with the conditions of the lease, as to use solely of complainant's needles, records, etc., or whether it be a conditional sale need not be decided. It seems clear that if the license to use one of these machines on the named conditions has passed from complainant through its distributors or dealers to one of the public, who has paid the full list price for the same, the person who has thus acquired license to use in accordance with the specified conditions may assign such license to any other member of the public, who by such assignment will himself obtain the right to use in accordance with the specified conditions. We are not satisfied that there is any obligation on the part of any one member of the public who thus assigns his lease, or whatever it may be, to another member of the public, to exact any particular sum from the latter as a consideration for the transfer. We do not see why he may not give the lease to whomever he pleases for no consideration at all, as a free gift, provided he has not himself violated any of the conditions, and turns the machine over with the license label or other company marks affixed to the machine intact and unaltered, so that his assignee may be fully advised of the conditions under which use of the machine is licensed.

It is manifest from the complaint that defendants' firm is not a "distributor," nor is it one of the 7,000 licensed "dealers" referred to therein. Therefore defendant is one member of the public, and if it has paid the $200, or whatever may be the list price of any particular instrument now in its possession, it could not be enjoined, assuming

all complainant's contentions as to the effect of the documents set forth are correct, from parting with possession to another member of the public upon the original conditions as to use. From the brief and argument we infer that injunctive relief is sought upon the theory that defendants' firm has obtained possession of some of complainant's machines by paying less than the list price and is proposing to dispose of the same for less than such price. But the complaint contains no allegation which specifically charges that defendant has any machine in its possession for which it did not pay the full list price. In the absence of such allegation, the whole theory of complainant as to the status of a member of the public who has obtained possession of a machine from a distributor or licensed dealer, without paying therefor the full list price, becomes academic.

The decree is affirmed, but with instructions to allow complainant to amend its bill, if it be so advised